11-849-cv
Rosario v. Hilton Hotels Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                    *Circuit Judges*,
            MARK R. KRAVITZ,
                    *Judge.*[*]

_____

CARLOS ROSARIO,

                    *Plaintiff-Appellant*,

                    - v -                         No. 11-849-cv

HILTON HOTELS CORPORATION, a/k/a MILLENIUM HILTON, CDL (NEW YORK) L.L.C.,

                    *Defendant-Appellees.*

_____

For Plaintiff-Appellant:          DAVID ABRAMS, New York, N.Y.

For Defendant-Appellee:           DIANE WINDHOLZ (Daniel D. Schudroff, *on the brief*), Jackson Lewis LLP, New York, N.Y.

_____

[*] Judge Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Carlos Rosario ("Rosario") appeals from a February 4, 2011, final order and February 8, 2011, judgment entered by the United States District Court for the Eastern District of New York (Weinstein, *J.*), granting Defendant-Appellees' ("Hilton") motion for summary judgment and dismissing Rosario's complaint in its entirety. Rosario is a male over forty years of age. His complaint alleged that Hilton discriminated against on the basis of his age and/or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL").[1] The district court dismissed all of Rosario's claims, finding, *inter alia*, that (1) Rosario failed to make out a *prima facie* case of age or gender discrimination in his employment termination because he failed to demonstrate that he was dismissed under circumstances giving rise to an inference of discrimination;[2] and (2) Rosario failed to bring a *prima facie* case of gender discrimination based on a disparate compensation claim as he had not established that he was paid less than similarly situated employees who were not members of his protected class.

[1]Rosario's brief in opposition to Hilton's motion for summary judgment did not mention his NYCHRL claims and, on appeal, Rosario does not explicitly raise these claims on appeal and we decline to decide this issue.

[2]As an alternative grounds for its holding, the district court found that Rosario failed to demonstrate that the reasons defendants gave for terminating his employment were pretextual. On appeal, Rosario challenges this conclusion. It is unnecessary, however, for us to address this argument because we conclude that Rosario has failed to make out a *prima facie* case of discrimination.

2

On appeal, Rosario challenges both of these holdings. We assume the parties' familiarity with the remaining facts and procedural history of the case.

"We review a grant of summary judgment *de novo* to determine 'whether genuine disputes over material fact exist . . . which should properly be submitted to a jury or whether, where no issues of material fact are found, the moving party is entitled to judgment as a matter of law.'" *Nagle v. Marron*, 663 F.3d 100, 104-05 (2d Cir. 2011) (quoting *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001)). "We resolve all ambiguities and draw all inferences in favor of the non-moving party." *Id.* at 105 (internal quotation marks omitted).

We first consider Rosario's claim that he made out a *prima facie* case of age or gender discrimination for employment discrimination by demonstrating that the defendants treated him less favorably than a similarly situated employee outside of his protected group who committed comparable offenses. This argument lacks merit. While a plaintiff may raise "an inference of discrimination by showing that she was subjected to disparate treatment," *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000), Rosario has failed to make such a showing. Specifically, Rosario did not offer adequate evidence to support his contention that there were "numerous employees who were female, substantially younger, or both, whose performance was no better than [Rosario's], but who were not discharged," Pl.'s Br. 8. Rosario's reliance on Luis Jordan's affidavit is unavailing given that "Jordan was not present for the February 2008 or July 2008 infractions precipitating Rosario's termination and ha[d] no direct knowledge of Rosario's performance in 2008." App. 185-86. In contrast, Hilton submitted record evidence demonstrating that male and female housekeeping managers received equal treatment during the period in question.

3

Next, we consider and reject Rosario's argument that he established a *prima facie* case for gender discrimination based on disparate compensation. A comparison of Rosario's wages with those of female housekeeping managers reveals that Rosario was one of the highest paid employees, and out of a total of eleven managers, only two female housekeeping managers earned more than him. And while some Hilton employees received a greater wage increase than Rosario in October 2007, he failed to establish that he was "similarly situated" to those employees, given his disciplinary history at that time.

We have considered Rosario's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4